CHANCERY.

*White &c. vs. Clarke.*

Case 134.

Error to the Madison Circuit; GEO. SHANNON, Judge.

*Dower. Mansion house. Rent. Executors and administrators Interest. Refunding bond. Practice. Costs.*

December 1.

Judge OWSLEY delivered the opinion of the court.

Bill by Turner Clark for distribution.

TURNER CLARKE, one of the children and distributee of the estate of his father, Jesse Clarke, deceased, filed his bill in equity against Durret White and Lucy his wife, who was the widow

and administratrix of the deceased Jesse Clarke, and others, to compel an account of the personal estate, the hire of the slaves, and rent of the land belonging to the estate of the said decedant Jesse.

*WHITE &c. vs. CLARKE.*

The cause was prepared as to all necessary parties, for hearing, and interlocutory decree pronounced, and an account taken by a commissioner appointed for that purpose, in pursuance thereof, and finally, a decree entered in favor of Turner Clarke, against White and wife, for nine hundred and eight dollars and seven cents, that being the amount of Clarke's distributive share of the estate as reported by the commissioner.

*Decree of the circuit court for Clarke.*

This sum was in part produced by charging White and wife with the rent of the plantation, upon which the decedant, Jesse, resided at his death, up to the time of taking the account, and among other objections to the decree, it is contended that , as the widow of her former husband, Jesse Clarke deceased, the now Mrs. White was entitled to the mansion house and plantation rent free until dower was assigned her, and as that was never done, it is insisted that White and wife should not have been charged with the rent of the plantation.

*Rent of the mansion house and home farm charged the widow, not endowed, in her administration accounts, by the circuit court.*

It was doubtless correct to charge them with the growing crop which was upon the land at the time of the decedant, Clarke's, death. That is expressly declared to be assets in the hands of the executors, or administrators, by act of the Legislature of this country, and is, of course, subject to distribution as personal estate.

*Growing crop is assets in the adm'rs hands.*

But with the exception of the crop which was growing upon the land at the death of Jesse Clarke, we think no charge should have been made against White and wife, for the use or rent of the mansion house and plantation. As dower was never assigned her, Mrs. White, who was the widow of Clarke, had an unquestionable right to tarry in the mansion house and plantation thereto belonging, rent free; and though she has not continued to reside in the house, yet as she and her husband White, have continued the use and enjoyment of the house and

*Widow is entitled to the use of the mansion house and farm attached, until dower is assigned, whether she resides there or not.*

plantation, we apprehend they ought not, according to a fair and liberal construction of the act of the legislature on that subject, to be charged with the rent.

*This right of the widow does not extend to enlargement of the farm.*

It is, however, the mansion house and plantation thereto belonging, as the plantation was at the death of Clarke, and not as it might be extended or enlarged thereafter, that Clarke's widow was entitled to use and enjoy rent free, until dower assigned her.

White and wife should, therefore, be charged with the rent of the land which has been cleared since the death of Clarke, after making a just and suitable deduction for the clearing, and keeping the same in repair.

*Directions for making up the administratrix's accounts.*

With respect to the personal estate, both as to that which was sold, and that not sold, as well as the debts owing the decedant, a charge should be made against White and wife.

After ascertaining the amount thereof, a deduction should be made for funeral expenses and debts owing by Clarke at his death, and from the residue, a commission of five per centum, for administering the same, should be taken, and after crediting the remainder with one third of its amount, for the widow's part, the balance will be the amount of the personal estate, to which the children of Clarke, there being four in number, will be entitled. One fourth of that balance should be charged against White and wife, in favor of the complainant, Turner Clarke.

*Interest ag'st adm'x for her use of the money.*

And as they are alleged in the bill to have used and made profit of the same, and the allegation is not denied, they should be charged with interest thereon, after the expiration of one year from the death of Clarke, the ancestor, observing at the same time, to give the proper credits for payments made to the complainant, and expenses incurred for his benefit.

*Directions for the application and distribution of the hire of the slaves.*

A charge should also be made against White and wife, for the annual hire of the slaves, allowing a reasonable deduction for hiring each year, and also for keeping such of the slaves as were unable by their labour to pay the expenses of their keeping.

One third of the profits of each year's hire, should be deducted for the widow's thirds, and the fourth of the remainder should be charged against White and wife, in favor of the complainant.

*WHITE &c.*
*vs.*
*CLARKE.*

This annual charge, when thus ascertained, should be made to carry interest from time to time, as it shall be found to have become payable, observing to allow and make the proper and just deductions, from time to time, for the maintainance and necessary expenses in clothing and educating the complainant, whilst he was unable by his labor to pay for his support; and observing also to make all necessary and just deductions for payments &c.

After proceeding in the manner pointed out, as to the rent of the land cleared since the death of the decedant, Clarke, the hire of the slaves, and the proceeds of the personal estate, the aggregate amounts of the different remainders which may be found in favor of the complainant, should be decreed to him, against White and wife, providing, however, by the *decree for indemnity to them*, against future demands which may come against the estate, by requiring bond and security to be executed by the complainant, before he is allowed to enforce the payment of the amount, which may be so ascertained to be coming to him.

*Decree should provide that bond to refund in case of future demands ag'st the estate be given by distributees before payment.*

The decree must be reversed with costs, the cause remanded to the court below, and an account there taken, not inconsistent with the principles of this opinion, and such further orders and decrees there made as may conform to the usage and principles of equity.

*Mandate.*

*Turner* for plaintiffs; *Caperton and Breck* for defendant.